Battle, J.
 

 The plaintiff upon the trial placed his claim to freedom upon two grounds:
 
 Fwst,
 
 a regular act of emancipation in the year 1822, according to the then existing law. And,
 
 secondly,
 
 that from the year 1822, he had for more than thirty years acted as, and been reputed to be, a freeman. Ilis Honor decided in his favor in the Court below, but whether upon both the grounds, or upon one only, and if upon one only, then upon which, does not appear. The record of the Superior Court of Onslow county, at September Term, 1822, showing a license to Benjamin Jarman, (who was represented in his petition to be the owner, as well as the father of the plaintiff,) to emancipate him, appears to be regular and complete, and that, together with what is shown to have been done by the petitioner under it, would seem to be all that could be required to establish the plaintiff’s right. But it is insisted by the defendant, that as, at the time when Benjamin Jarman filed his petition, he was, himself a slave, he could not own, and therefore, could not emancipate the plaintiff. The answer to that objection is furnished by what appears among the proceedings on the petition for emancipation. It is admitted that the plaintiff once belonged to one Edward "Williams, and his affidavit is exhibited as the testimony by which the -meritorious -services -of tire plaintiff were proved, and in
 
 *31
 
 that, the affiant further states that he had sold the plaintiff to his father, the petitioner, at a reduced price, after having been offered a higher price by others. The same person soon after-wards became one of the sureties of the plaintiff for his good behavior, in a bond which recited that he had been duly-emancipated by the Superior Court of Law for Onslow, county, as has been before stated. Row, if Benjamin Jarman were a slave when his petition was filed, the sale of the plaintiff to him by his owner, "Williams, did not divest the title of the latter, and that title was undoubtedly divested in favor of the plaintiff, either by his acts in connection with the proceedings of the Court, or by his long acquiescence afterwards. With a slight alteration of the language used by this Court in the somewhat similar case of
 
 Allen
 
 v.
 
 Allen,
 
 Busbee Rep. 60, we say, that surely, after such a distinct acknowledgement by the owner, that the plaintiff had been emancipated, and he and all other persons had treated and regarded him as free for more than thirty years, every presumption ought to be made in favor of his actual emancipation according to all the requirements of law. See
 
 Cully
 
 v.
 
 Jones,
 
 9 Ired. Rep. 168,
 
 Stringer
 
 v.
 
 Bircham,
 
 12 Ired. Rep. 41.
 

 PeR CüRiAar. Judgment affirmed.